ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 DEC 29 PM 2: 47

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:15-CR-0479-L |
| PHANUEL MAKONI (1) | |

## PLEA AGREEMENT

Phanuel Makoni, defendant, Jeffrey C. Grass, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Makoni understands that he has the rights

   a. To be indicted by a grand jury;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to have his guilt proven beyond a reasonable doubt;

   e. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Makoni waives these rights and pleads guilty to the offense alleged in Count One of the superseding information, charging a violation of 18 U.S.C. §1343, that is, Wire Fraud. Makoni understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual résumé he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed twenty (20) years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a mandatory term of supervised release of not more than three years, which must follow any term of imprisonment. If Makoni violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Makoni agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Makoni understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Makoni has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Makoni will not be allowed to withdraw his plea if his sentence is higher than expected. Makoni fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Makoni agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

Plea Agreement - Page 2

6. **Defendant's agreement**: Makoni shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Makoni shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Makoni expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Makoni fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Makoni understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Immigration Consequences of Plea:** Makoni recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Makoni is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Makoni understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction(s) on his immigration status. Makoni nevertheless

affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

8. **Government's agreement**: The government will not bring any additional charges against Makoni based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Makoni or any property.

9. **Violation of agreement**: Makoni understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Makoni for all offenses of which it has knowledge. In such event, Makoni waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Makoni also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Makoni waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Makoni, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Makoni has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Makoni has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Makoni has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[Remainder of page intentionally blank]

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 18th day of December, 2015.

_____
PHANUEL MAKONI
Defendant

_____
JEFFREY C. GRASS
Attorney for Defendant
Texas State Bar No. 00787581

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
JOSEPH M. REVESZ
Assistant United States Attorney
Texas State Bar No. 16792700
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8664
Fax: 214.659.8812
Email: joe.revesz@usdoj.gov

_____
KATHERINE MILLER
Deputy Criminal Chief
Texas State Bar No. 00789107

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____  12-18-2015
PHANUEL MAKONI                   Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  12-18-2015
JEFFREY C. GRASS                 Date
Attorney for Defendant