IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:15-CR-00479-L |
| v. | **FILED UNDER SEAL** |
| PHANUEL MAKONI (1) | |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The United States of America hereby responds as follows to DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT (PSR), filed July 4, 2016 (Doc. 45).

1. **Response to Objection to PSR ¶ 34:**

Makoni objects to the intended loss amount of $73,107,694, resulting in 24 offense levels, contending that relevant conduct was included in calculating intended loss in violation of a Proffer Agreement between the defendant and the government dated November 19, 2015 (Doc. 45-1) and ¶ 3 of the sealed Plea Agreement Supplement filed on December 29, 2015. (Doc 29) The government submits that it did not violate either the Proffer Agreement or the Plea Agreement Supplement. Makoni was interviewed when he was arrested and given his *Miranda* warnings on September 23, 2015. On November 19, 2015, Makoni was debriefed under the Proffer Agreement. The relevant conduct set forth in the PSR was either known prior to the debriefing of Makoni on November 19, 2015, or was discovered later through investigation. There was no information provided by Makoni in the debriefing that was used by the government to compute his relevant conduct. The same applies to the Plea Agreement Supplement.

This case is part of a continuing investigation. Other prosecutions are contemplated. The Proffer Agreement, in ¶ 6 permitted the government to follow leads

suggested by information provided by Makoni. The Factual Resume (Doc. 28) simply recited the facts supporting the wire fraud count in the Superseding Information. The issue here is whether any agreement between Makoni and the government was violated by the government in the probation officer's determination of Makoni's relevant conduct and they were not. The case agent will be available at the sentencing hearing to attest to the foregoing.

2. **Response to Objection to PSR ¶ 27:**

Makoni objects to the amount of restitution to the Internal Revenue Service, being $14,509,335 "on the grounds that the manner in which it has been derived is it is vague and arbitrary since it is to be based upon the number of victims specifically identified in this matter but fails to do so [sic]." Although the number of victims is not listed in PSR ¶ 27, the number of victims is listed in PSR ¶ 28. In the Plea Agreement in this case, Makoni agreed that restitution is based on total relevant conduct and is not limited to the count of conviction. (Doc. 27, ¶3e)

Additionally, the computation of both intended loss and restitution is not vague. The tax returns causing the loss were linked directly to Makoni through one of the following:

- his IP address
- his email accounts
- documents and records seized from his apartment
- electronic devices, including his mobile phone, seized from his apartment

The case agent will be available at the sentencing hearing to attest to the foregoing.

3. **Response to Objection to PSR ¶ 38:**

As to the claim that the information resulted from any violation of the Proffer Agreement or the Plea Agreement Supplement, see the response to the objection to PSR ¶

38 in response 1 above.

The government contends that Makoni knew or should have known that a victim of the offense was vulnerable because the personal identification information (PII) controlled by Makoni, that is, information in his possession either electronically, in documents, email, or on his mobile telephone, for most of the victims included the victim's date of birth.  Knowing the date of birth makes certain victims unusually vulnerable in this specific type of fraud.  There are two types of victims that are unusually vulnerable in a stolen identity refund fraud (SIRF) scheme as it relates to age.  First are the elderly, who are more likely to not have a filing requirement.  Elderly victims are valuable to a SIRF target because the fraudulent return is less likely to be rejected by the Internal Revenue Service if the victim doesn't have a filing requirement.  The other type of vulnerable victim is a minor, or those that are of an age to be claimed as a dependent on an average tax return.  The purpose of obtaining these victims' PII for use in the scheme is to use them as dependents on fraudulent tax returns in order to obtain the earned income tax credit (EITC).  When fraud wages are combined with victim dependents, the fraud refund can be increased by as much as $3,359 for one dependent, and as much as $5,548 for two dependents (for tax year 2015, varies slightly each tax year).  Evidence from the search warrant of Makoni's apartment and his email show Makoni specifically targeted dependents.  A black notebook seized from his apartment listed PII for approximately 128 individuals.  The top of the list is titled "Dependents."  In an email from Makoni to a co-conspirator on April 8, 2014, Makoni gave instructions to the provider of the PII: "Too old to be dependent of others sir.  I need 1992 to 1995…some info missing on these too.  Give me all ssn, dob on all".  This shows that although Makoni is not hand selecting each victim, he is providing instructions to co-conspirators to provide him with specific types of victims.

The case agent will be available at the sentencing hearing to attest to the

foregoing.

4. **Response to Objection to PSR ¶ 39:**

Makoni objects to the four offense levels added for an aggravating role in the offense, namely an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, pursuant to USSG § 3B1.1(a)

In addition to working with the two individuals named in PSR ¶ 39, Tracy Chinomona and Faith Musarurwa, Makoni admitted to IRS Special Agents on September 23, 2015 after his arrest and during his transport to court for his initial appearance, his involvement with another co-conspirator already known to the agents. His involvement with this co-conspirator was verified upon review of the evidence in his phone and email. As mentioned in ¶ 21 of the PSR, Makoni used a chat application on his phone to discuss specifics of the scheme with at least five other co-conspirators. The discussions included PII of victims, instructions regarding the establishment of bank accounts for receiving fraudulently obtained tax refunds, instructions regarding the number of refunds to deposit to each account, and discussions on the percentage each co-conspirator would make per each successful refund deposited.

Moreover, the criminal activity in a scheme that included 15,000 victims, resulting in an intended loss/relevant conduct of $73,107,694 is *per se* extensive.

The case agent will be available at the sentencing hearing to attest to the foregoing.

CONCLUSION

In view of the foregoing, the government requests the court to overrule all of defendant's objections to the PSR.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY


/s/ Joseph M. Revesz
JOSEPH M. REVESZ
Assistant United States Attorney
Texas Bar No. 16792700
1100 Commerce Street, Third Floor
Dallas, TX  75242-1699
Telephone:  214-659-8664
Facsimile:  214-659-8812
Email: joe.revesz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2016, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the authorized attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

s/ Joseph M. Revesz
JOSEPH M.  REVESZ